JiCOOKS, Judge.
The guarantor appeals the judgment of the district court requiring it to reimburse the lender for a defaulted student loan. For the following reasons, we reverse.
FACTS
Central Louisiana Bank & Trust Company, now known as Cottonport Bank (hereinafter referred to as Cottonport Bank), from 1965 through October of 1987, was a participating lender in the federally guaranteed student loan program (GSL). On February 5, 1987, Cottonport Bank loaned money to Gilda Jordan Small pursuant to the GSL program. The State of Louisiana, acting through the Governor’s Special Commission on Education Services, now known as Louisiana Student Financial Assistance Commission (LASFAC), was and is the state guarantor of the GSL program. LASFAC also administers the GSL program in Louisiana on behalf of the United Statesj^Department of Education.
The loan made to Gilda Small was guaranteed by LASFAC and ultimately the U.S. Department of Education. Small made only one payment on the loan (on August 5,1987), and subsequently defaulted on the promissory note. A default claim dated December 18, 1989, received by LASFAC on December 27, 1989, was filed by Cottonport Bank.
The claim was rejected by LASFAC because Cottonport Bank had not filed its claim within the 270 day limit specified in the GSL program for a lender to file a default claim. Cottonport Bank subsequently filed a Petition for Amounts Due on Note against LAS-FAC and Gilda Small. After a trial on the merits, the district court rendered judgment in favor of Cottonport Bank against Gilda Small as principal maker of the note in the amount of $6,770.70, plus interest at a rate of 7% thereon from August 5, 1987 until paid with supplemental interest, attorney fees, and court costs. He also rendered judgment in Cottonport Bank’s favor against LASFAC as guarantor of the promissory note in the *1157 amount of $6,770.70, plus interest at the rate of 7% thereon for a 270 day period commencing from August 5,1987. Attorney fees were not assessed against LASFAC.
LASFAC appealed that portion of the district court’s judgment which applied to it, asserting the following two assignments of error:
1. The trial court erred in disregarding the federal laws, regulations, and U.S. Department of Education guidelines applicable to the GSL program.
2. The trial court erred in finding LAS-FAC liable to Cottonport Bank for any portion of the sums due, or for any interest, on the promissory note signed by Gilda Small.
| «ANALYSIS
The U.S. Department of Education will only reimburse LASFAC for monies it pays to lenders pursuant to the rules regulating the GSL program. These rules require participating lenders to perform, with “due diligence,” certain activities prescribed by 34 C.F.R. § 682, et seq., in servicing and collecting federally • guaranteed student loans. LASFAC argues Cottonport Bank did not follow the procedures mandated; and, therefore, it is relieved of any liability to pay Cottonport Bank.
La.R.S. 17:3023.4 gives LASFAC the authority to guarantee student loans “... subject to the conditions, limitations, reinsurance provisions and in accordance with the terms and provisions of and within the amounts established by 20 U.S.C. § 1071 et seq., or in accordance with the provisions of any federal law or regulations relating to student loan guarantee or insurance programs....”
A participating lender has 270 days from the date a student defaults on a loan to file a claim with the guaranty agency. At the time a default claim is filed, the lender must submit documentation showing the “due diligence” requirements were met. If the default claim is submitted timely, it may still be rejected because it lacks supporting documentation. At that point “cure” procedures are available for claims which lack supporting documentation. A claim which complies with the “cure” procedures is eligible for reinsurance.
It is admitted by Cottonport that it did file a default claim within the 270 day deadline. In fact the claim was not filed until the lapse of 861 days. On its failure to file a timely default claim, Cottonport Bank was required to follow the cure procedures which also provided steps to reinstate the guarantee on the loan. To cure the account, Cottonport Bank should have submitted a repayment schedule signed by the borrower (Gilda Small), or demonstrate that it had received one full payment on the loan. Cottonport Bank argues it could not cure the loan because both of these options were out of its control.
In American Bank of San Antonio v. United States, 224 Ct.Cl. 482, 633 F.2d 643 (1980), a lender in the Federally Insured Student Loan Program sued to recover the unpaid balances on certain student loans it issued pursuant to the program. In that ease the guarantor, the U.S. government, denied liability for a number of reasons, one of which was the lender’s failure to file a claim within a reasonable time after it was determined the loan could not be collected. The court agreed with the government, and held the violations of regulations, including the lender’s failure to exercise due diligence in collecting the loans, justified the denial of the lender’s claim.
In American Savings v. Bell, 562 F.Supp. 4 (D.C.Cir.1981), the guarantor was allowed to recover payments erroneously paid to a lender who failed to exercise due diligence. The court, citing with approval American Bank of San Antonio, stated as follows:
The balance in this case conclusively strikes in favor of the government since it must rigorously enforce the FISLP rules and regulations or lose all hope of ever controlling the increasing default rate on federally insured student loans. [The lender] failed to conduct its FISLP affairs in accordance with the regulations applicable thereto, and thus was properly denied insurance coverage.
The trial court was aware of these cases, but chose to ignore them. While it is *1158 trae opinions of Federal District Courts and Circuit Courts of Appeal 15constraing federal statutes are not binding on state courts, they are highly persuasive and should not be ignored without compelling reasons. See Anderson v. Lester, 382 So.2d 1019 (La.App. 3 Cir.1980). The trial court apparently felt justified in ignoring the noted federal cases because of the unusual nature of this particular loan. The trial court stated there were several suits pending between Cottonport Bank and Ms. Small, including bankruptcy proceedings. He concluded the loan simply “fell through the cracks,” and that it was “understandable that the employees at the bank failed to do what they should have done.” The trial court ruled in Cottonport’s favor despite its failure to comply -with the due diligence requirements. The trial court in its reasons did not “see how the defendant was hurt by the failure to comply with that' time limit.” However, as stated earlier, the U.S. Department of Education will not reimburse a guarantor for monies it pays to lenders if the rules prescribed for the GSL program are not followed.
It is clear from our review of the record, that LASFAC does not have authority to pay Cottonport Bank, and thus would not be able to seek reimbursement of the funds from the U.S. Department of Education if required to pay. The government is entitled to set reasonable terms and conditions for participation in a loan guarantee program and may likewise refuse to insure loans where these requirements have not been satisfied. Such rales and regulations are an essential part of the proper operation of a complex and widespread insurance program. In fulfillment of its responsibility to provide careful supervision over this program, LASFAC is entitled to demand compliance with the regulations as a loan insurance condition. Cottonport Bank | (¡did not comply, and therefore is not entitled to reimbursement from LASFAC.
DECREE
For the foregoing reasons, the judgment of the trial court is reversed. All costs of this appeal are assessed to plaintiff-appellee, Cot-tonport Bank.
REVERSED.